### SPENCER *against* HUNTINGTON and another.

An action of debt, in the name of the treasurer of the state, for the penalty given by statute, for retailing spiritous liquors without a licence, cannot be sustained.

This was an action of debt, brought by *Isaac Spencer*, Esq. as treasurer of the state, against *Eliphalet Huntington* and *Salmon Champion* jun., to recover the sum of 50 dollars, as a penalty for a violation of the statute regulating the sale of spiritous liquors.

The declaration comprised two counts. In the first, it was alleged, That on the 16th of *January*, 1824, within a store in *Lebanon*, then kept and occupied by the defendants, who were joint traders and dealers in goods, without first having obtained a licence to be retailers in the manner prescribed by the statute, did unto one *John Beaumont*, of said *Lebanon*, in the course of their joint business and concern, jointly sell, directly, two quarts of distilled foreign spiritous liquors, called *rum*, for the sum of 42 cents; for which rum the defendants, then and there, received said 42 cents of the said *Beaumont*, in payment. The second count was as follows: "And now the plaintiff, in his said capacity, further says, that the defendants justly owe, and from him injustly detain, one other sum of 50 dollars; whereupon the plaintiff, in his said capacity, declares and says, that on the 20th day of *January*, 1824, kept a store jointly for the sale of goods and spiritous liquors, and within the same, at *Lebanon*, without first having obtained a licence to be retailers, in the manner prescribed by the statute, the defendants, in the process of their said joint business, jointly did sell, directly, one quart of foreign distilled spiritous liquor, of the value of 25 cents, and take pay therefor, against the peace, and contrary to the form and effect of said statute."

To this declaration there was a demurrer; and the questions of law arising thereon were reserved for the advice of this Court.

*Welch* and *Tyler*, in support of the demurrer, contended, 1. That the first count was defective, for want of an averment, that the defendants sold the liquor. It does not appear *who* " did jointly sell."

2. That the second count was defective, in three respects; first, for want of an averment that the defendants kept the store, in which the liquor was sold ; secondly, because it is not shewn *to whom* the liquor was sold ; thirdly, because it does not appear *when* the offence was committed, or that it was committed within one year previous to the commencement of the action.

3. That *Isaac Spencer* was not entitled to sue. First, he is not a party in interest; the statute not having given the penalty, or made it payable, to him. *Stat.* 436, 7. *tit.* 95. *s.* 1. 4. The plaintiff in every action must have some sort of interest in the subject matter. Secondly, as he is liable to removal from office, there is no permanent party plaintiff on the record. Thirdly, it is manifestly the intention of the law, in all cases of this nature, that the state's attorney should prosecute, in the name of the state, and not in the name of the treasurer. He is required to give a bond to the treasurer, to pay over to him, annually, " all monies belonging to the state, which he may receive as attorney for the state." *Stat.* 141. *tit.* 21. *s.* 22. 1 *Swift's Dig.* 586. *The King* v. *Hymen,* 7 *Term Rep.* 536.

4. That the defendants could not be *joined* in this action. All crimes being *several*, at common law, it is incumbent on the plaintiff to shew, that this case is an exception to the general principle. The distinction is, that if the penalty is intended as a *satisfaction* to the party, the offence may be *joint ;* but if the object be to *punish* the offender, the offence is *several* ; and this point is to be determined from the phraseology of the statute. 1 *Swift's Dig.* 587. *Curtis* v. *Hurlbut,* 2 *Conn. Rep.* 309. *Rex* v. *Clark & al. Cowp.* 610. *Barnard* v. *Gostling,* 1 *New Rep.* 245. In the present case, the object was, unquestionably, *punishment,* as contradistinguished from a *satisfaction ;* and the language of the statute,—" if any person or persons shall sell, &c. *such person* shall forfeit," &c.—is such as has uniformly been held to denote a *several* offence.

5. That the declaration was ill, for want of an averment that the defendants sold " a less quantity than ten gallons." In perfect consistency with every fact alleged, the " two quarts" of rum mentioned in the first count, and the " one quart" men-

*Windham*
July
1826.

*Spencer*
*v.*
*Huntington.*

tioned in the second, might have been part of a hogshead of rum sold at the same time.

*Judson*, contra, insisted, 1. That the offence, which is the foundation of this action, was sufficiently charged in the declaration. The first count, though defective in grammatical sructure, contains a sufficient averment that the defendants sold. They are the only agents introduced. The rules of syntax would require a repetition of the word " defendants," or a pronoun in its place ; but being omitted, one or the other of these must necessarily be *understood.* The second count avers grammatically, that the *defendants sold ;* and the *time* of the transaction is specified in a previous clause of the same sentence, *viz.* the 20th of *January,* 1824. If it be not averred in this count *who kept the store,* this is not necessary. If such an averment had been inserted, it might be rejected as *surplusage.* The keeping of a store need not be proved.

2. That the action was sustainable, in the name of *Isaac Spencer,* in his official capacity. The statute on which the action is founded, subjects the offender to a penalty of " fifty dollars, one half to him who shall give *information,* and the other half to the use of this state." *Stat.* 437. *s.* 4. It is an established rule, that where a statute inflicts a penalty, and gives part to the state, and part to a common informer, if no *qui tam* suit has been commenced, the whole may be recovered for the use of the state. 1 *Swift's Dig.* 586. Another statute has provided, that " it shall be the duty of the treasurer to receive the fines and forfeitures belonging to the state." *Stat.* 462. *tit.* 103. *s.* 6. The case, then, stands on the same ground as though the statute had given the penalty to the state, and had directed the treasurer to receive it. Could there be any doubt, in that case, of the treasurer's capacity to sue ? The attorney is the mere agent of the treasurer for the purpose of collection. A civil suit for a penalty in the name of the state, has never been brought.

3. That the offence charged was a *joint* offence. The statute subjects the *person or persons who sold,* to the penalty. We have then, only to enquire, in this case, *who sold?* The answer is, neither of the defendants severally, but both jointly. Both were jointly concerned in the act. The proof would not support an action against each separately. But one penalty is recoverable.

By the Court, (Peters, J. being absent.) The declaration was adjudged insufficient. The reporter, not having been furnished with the reasons of their judgment, by the Judge designated to give them, is unable to state them fully. From the observations made, by the several Judges, during the consultation, he understood all who were present, to express an opinion, that the present plaintiff, as treasurer of the state, could not sustain an action of debt for the penalty in question. Though there were some remarks made upon other points in, the case, he cannot say, with any degree of confidence, that a majority of the Judges concurred in opinion on any other point.

*Windham*
*July*
*1826.*

Spencer
*v.*
Huntington.

Judgment for defendants.