BISSELL, executor of ISAAC BISHOP, deceased, *against* SPENCER, treasurer of the State of *Connecticut* :

IN ERROR.

The treasurer of the state cannot sustain an action, in his own name, to recover a fine and costs imposed by a judgment of court on conviction of a crime, although by the terms of the judgment, the fine is payable to the treasurer of the state, for the use of the state treasury.

THIS was an action of debt on certain judgments of the superior court, brought by *Isaac Spencer,* Esq., describing himself as treasurer of the state of *Connecticut,* against *Clark Bissell,* Esq., executor of the last will of *Isaac Bishop,* deceased. The judgments set forth in the declaration were the following: 1. on an information against *Bishop* for adultery, sentencing him to imprisonment in the *Connecticut* state prison, for the term of five years, and to pay the costs of prosecution, taxed at 158 dollars, 41 cents ; 2. on an indictment for putting arsenic into the well of *Holly Bell,* with intent that he and his family should drink thereof and their lives be destroyed there-

by, sentencing him to one year's imprisonment in the state prison, and "to pay a fine of 500 dollars to the treasurer of the state of *Connecticut*, for the use of the treasury of said state, and also to pay the costs of prosecution, taxed at 25 dollars, 34 cents;" 3. on an indictment for putting arsenic into the well of *Thaddeus Hoyt*, with intent that he and his family should drink thereof and their lives be destroyed thereby, sentencing him to one year's imprisonment in the state prison and " to pay a fine of 500 dollars to the treasurer of the state of *Connecticut*, for the use of the treasury of said state, and also to pay the costs of prosecution, taxed at 472 dollars, 1 cent;" 4. on an indictment for administering poison to *Joseph Smith* and *Sanford Olmsted*, with intent to kill them, sentencing him to imprisonment in the state prison, during his natural life, and also to pay the costs of prosecution, taxed at 64 dollars, 39 cents. The declaration averred, that after the rendition of said several judgments, and after the rising of the court, *Bishop* died, having never paid, or in any way satisfied, said fines and said bills of costs, amounting in the whole to the sum of 1720 dollars, 15 cents.

To this declaration there was a general demurrer. The superior court adjudged the declaration sufficient, and rendered judgment for the plaintiff. The defendant filed his motion in error; and the record was thereupon transmitted to this Court for revision. At the term of the Court in *June* 1831, the motion in error, for want of a special assignment of errors, was remanded to the superior court; (*a*) whereupon the plaintiff in error assigned for error, that the declaration is insufficient in this, that it does not appear thereby, that the original plaintiff has any interest in the several sums sought to be recovered, nor in either of them, and cannot maintain this action for the recovery thereof; also, that said judgments for the payment of said fines and costs are rendered inoperative by the death of *Bishop*. The superior court then ordered a transcript of the whole record to be transmitted to this Court, to be proceeded with as on writ of error.

*Betts* and *Hawley*, for the plaintiff in error, contended, 1. That the fines imposed, by the superior court, on *Bishop*, did not constitute *a debt*, but were authorized and imposed by way of punishment only: and consequently, they could not be

(*a*) See 8 *Conn. Rep.* 505.

pursued, after *Bishop's* death, against his estate. Human punishment cannot reach a dead man. No instance can be found of enforcing a fine after the death of the delinquent.

2. That if a fine is a debt, still the action cannot be sustained in the name of the original plaintiff, he having no interest in such debt. In the first place, he derives no right, title or interest from the *nature of his office.* He is merely the *agent* of the state to receive the money. The statute creating his office and prescribing his powers and duties, does not authorize him to sue in his own name. *Stat.* 462. *tit.* 103. *s.* 6. Secondly, *the form of the judgment* does not give this authority. The fines are to be paid to the treasurer *for the use of the treasury;* and the costs are to be *paid.* Thirdly, by the general principles of the common law, the action should have been brought in the name of the state, to whom the money belongs, and not in the name of the agent, who has no interest in the subject. *Piggot* v. *Thompson,* 3 *Bos. & Pull.* 147. 1 *Chitt. Plead.* 5. 1 *Swift's Dig.* 330. 1 *Saund. on Plead. & Ev.* 75. *Gunn* v. *Cantine,* 10 *Johns. Rep.* 387. *Spencer* v. *Huntington,* 6 *Conn. Rep.* 312. *Gilmore* v. *Pope,* 5 *Mass. Rep.* 491. *Bainbridge* v. *Downie,* 6 *Mass. Rep.* 253. *The Medway Cotton Manufacturing Company* v. *Adams* & al. 10 *Mass. Rep.* 360. This is not the case of a specialty executed to an agent or trustee, who may sue upon it, though the fruits of the judgment will belong to the principal or *cestuy que trust.*

*Sherman,* for the defendant in error, insisted, 1. That a fine is a debt. It is *a sum of money due;* the precise definition of a debt. *Com. Dig. tit.* Debt. G. 1.

2. That the action was properly brought in the name of the treasurer. It is the judgment that creates the debt; and these judgments, in express terms, direct the fines to be paid to the treasurer. The suit must follow the judgment on which it is founded. The costs stand on the same ground as the fines.

HOSMER, Ch. J. The objection made is, that the plaintiff has no interest in the cause of action, and of consequence, has no right of suit.

In respect of the costs for prosecution, there is no adjudication that they are to be paid into the state treasury; and if the plaintiff has any right to demand them, it is from implication

only. The fines are made payable *to the treasurer, for the use of the state's treasury ;* and from this expression it is contended by the plaintiff, that he has an interest in them, explicitly created by the judgments.

A person authorized to sue in a court of law, must have a legal interest in the subject of the suit. If he is the servant or agent only of the creditor, the action cannot be sustained in his name. 1 *Chitt. Plead.* 3. 5. That a person who has not the legal interest, cannot maintain *indebitatus assumpsit,* is too clear to be disputed ; (6 *Conn. Rep.* 312.) and that even a promise by simple contract. to the treasurer of a corporation, is, by legal construction, a promise to his principal. The point has frequently been decided. *Piggott* v. *Thompson,* 3 *Bos. & Pull.* 147. *Gilmore* v. *Pope,* 5 *Mass. Rep.* 491. *Bainbridge* v. *Downie,* 6 *Mass. Rep.* 253. 258. *Gunn* v. *Cantine,* 10 *Johns. Rep.* 387.

And by this Court it has been determined, that an action of debt in the name of the state's treasurer, for a penalty arising from the violation of the statute regulating the sale of spirituous liquors, *the penalty being for the use of the state,* could not be sustained. *Spencer* v. *Huntington* & al. 6 *Conn. Rep.* 312.

The application of these principles to this case, is extremely obvious.

With respect to the costs of prosecution, it is unquestionably clear, that the plaintiff has no imaginable interest. They are not, even by the judgments, made payable into the state's treasury ; and it is made the duty of the attorney for the state to superintend their collection, as well as that of all fines, and to pay over the same according to law. *Stat.* 463. *tit.* 103. *s.* 10.

The plaintiff has neither the right of property nor the right of possession, until the payment of the costs and of the fines is duly made to him ; and of consequence, no interest in them ; much less, can a legal interest be *implied* in his favour, until they are deposited within his custody. On the contrary, the implication of law is, that the debt is due to the creditor ; that is, in this instance, to the state.

The case of *Spencer* v. *Huntington,* before cited, settles this point. This subject, however, it is unnecessary further to pursue ; as I am of opinion, that even in relation to the fines made payable, by the judgments, to the treasurer, for the use

of the treasury, facts much more favourable to support the plaintiff's claim, he has no legal interest or right of action.

The plaintiff is no party to the judgment, for the enforcement of which, his suit has been brought. It is in the name and behalf of the state.

It, however, has been said, that the Court has directed the fines to be paid to the treasurer; and that this invests him with a legal interest. The fallacy of the remark will appear, by considering the reason of the above direction. It was because the treasurer is to receive the money due to the state, by the express prescription of the statute relating to the treasury department.

His general duties and corresponding rights appear, from the law just cited, to be, to superintend and direct the collection of the revenue and state taxes; to receive the money arising from them; *and the fines and forfeitures belonging* to the *state,* and all other revenue; and to make proper entries and credits for the same in public books. From this, it is apparent, that the sentence of the court, directing the payment of the fines to the treasurer, for the use of the state treasury, was not to invest him with a legal right to the money, or to add to or vary his rights, in the least degree; but to designate the person and place where, and to whom, pursuant to the statute, the payment was to be made; and that is its only effect.

The treasurer, then, derives nothing from the judgment, by being not a party to it, and by not having any special interest created by it.

What is his right, by virtue of his general powers? It is to superintend the collection of funds, as being part of the public revenue, and to receive the money when collected. When it gets into his hands, he is trustee of it for the state; but before this event, he is a public agent only, to quicken its collection. From this it is a consequence, that the treasurer has no legal interest in the fines due to the state, until they are received by him; and after this fact, as trustee only.

If he obtains judgment in his own name, in any case, he has a legal right in it; and if he takes a bond to himself as treasurer, this complete cause of action in itself, undoubtedly, is his. But a direct promise to him, by simple contract, as state treasurer, is, by construction of law, a promise to the state; and a debt due to the state he has no legal right to, by implication of law.

*Fairfield,*
June, 1832.

Bissell
*v.*
Spencer.

It results, that the determination below was erroneous, for the reasons before mentioned ; and for this cause I am of opinion, that in the judgment complained of, there is manifest error.

PETERS, DAGGETT and WILLIAMS, Js., were of the same opinion.

BISSELL, J. gave no opinion, being a party on the record.

Judgment reversed.