TOWN OF MARLBOROUGH *v.* CHARLES F. SISSON AND OTHERS.

The defendants removed a pauper from the town of East Haddam to Marlborough and left him there. He had no known settlement in the state, and Marlborough had to assume charge of him, and the defendants brought him there for the purpose of throwing the burden of his support upon that town. Marlborough brought a suit against them for damages and recovered the amount expended in his support up to the time of trial. They then requested the defendants to remove the pauper, but they refused to do so. The pauper continued a charge upon the town, and Marlborough afterwards brought a second suit for the damages that had accrued since the former judgment, alleging the original bringing of the pauper into the town by the defendants, their leaving him there, and their refusal to remove him. Held that the former recovery was a bar to the second action.

The case is not like that of a continuance of a nuisance. In that case the continuance of the nuisance is a constantly renewed cause of action. In the present case the whole injury was in contemplation of law done by the first act of bringing the pauper into the town.

Though there might be difficulty in ascertaining the exact damage which might result, inasmuch as it depended upon contingencies, yet it was no more difficult than in many other cases of future and consequential damage, which, resulting from one wrongful act, can be made the ground of but one action.

If a plaintiff recover compensation for part of a cause of action, it is a satisfaction for the whole.

ACTION on the case, alleging that the defendants on the 8th day of January, 1851, wrongfully and fraudulently transported a pauper, named Samuel Ingraham, from the town of East Haddam, where he was then residing and was supported as a pauper, and where the defendants resided, to the town of Marlborough, where he had ever since remained, and been a charge upon the town as a pauper—that he was brought there by the defendants for the purpose of throwing the burden of his support upon the town of Marlborough—that the pauper had no legal settlement in Marlborough—and that the defendants, though often since requested, and particularly upon a certain day named, to remove him from the town, had ever since neglected and refused so to do. The writ was dated December 5th, 1860. The defendants pleaded the general issue, with notice that they should offer in evidence a judgment obtained by the plaintiffs against the defendants in the year 1857 for the same cause of action, and that they should also rely on the statute of limitations. The following facts were specially found by the superior court:

The defendants were, in the year 1851, selectmen and taxpayers of the town of East Haddam. Ingraham, the person described in the declaration as a pauper, was then and for some time had been residing in the town of East Haddam, where he was a charge upon the town. He had no known settlement in the state. On the 6th day of January, 1851, the defendants, supposing Ingraham to have a settlement in the town of Marlborough, made application to the civil authority of East Haddam for a warrant to remove him there, and a warrant for that purpose was issued, directed to one of

the constables of East Haddam, who received the same, and by virtue thereof removed him to Marlborough, and there left him in want and distress; and Marlborough thereby became by law obliged, and has ever since been obliged, to support him. The defendants caused Ingraham to be transported to Marlborough for the purpose of casting the burden of his support on that town, and of relieving the town of East Haddam, and themselves as tax-payers thereof, from his further support. The plaintiffs, by writ bearing date the 8th of January, 1851, brought an action of trespass on the case against the defendants for these acts, and on the 20th day of November, 1857, recovered judgment against the defendants for $200 damages and costs of suit; in which damages the expenses incurred by Marlborough in the support of Ingraham up to the time of the rendition of the judgment were included, and much the greater part of which were incurred subsequently to the commencement of the suit; which judgment has since been paid and satisfied by the defendants. Ingraham was not, at the time of his removal, and has not since become, a settled inhabitant of Marlborough. Ever since the rendition of the judgment he has remained in Marlborough, in a destitute condition, and has been supported by the town as a pauper. Immediately after the rendition of the judgment, and at sundry times since, the plaintiffs have requested the defendants to remove him from the town, and have notified them that they should look to them for reimbursement and damages in case they should fail so to do; but the defendants have at all times refused to remove him, or to take any other measures for relieving the town from his support.

On these facts the case was reserved for the advice of this court.

*Hubbard*, for the plaintiffs.

1. The damages here sought could not have been recovered in the former action. 1st. The case of *Stratford* v. *Sanford*, 9 Conn., 275, upon which the defendants rely, limits the damages in such cases to the date of the former recovery. It

is absurd thus to limit the damages, provided by that remedy, all future remedy for damages is debarred. 2d. The *entire* damages, past and future, could not have been recovered in the former action, because, from the nature of the case, future damages were dependent on the removal or non-removal of the pauper by the defendants; and when they would see fit to remove him, if at all, no one could predict. And if the jury were to be at liberty to guess, and to assess damages accordingly, the defendants would then have no motive to remove him, if, as is claimed, the first recovery exhausts the right of action.

2. This action is not brought for an act wrongful in itself, but for damages as such from an act in itself indifferent, and is in all respects analogous to a nuisance; in which case it is held—1st. That the continuance of a nuisance is in itself an actionable injury. *State* v. *Brown,* 16 Conn., 58. 2d. That the offending party is bound to remove the nuisance, even where to do so will be a trespass. *Smith* v. *Elliot,* 9 Penn., S. R. 345; *Thompson* v. *Gibson,* 7 Mees. & Wels., 456. 3d. That even in case of continuing trespasses to lands, where, as in case of an incumbrance placed on land the trespasser is bound to remove it, the injured party may recover in successive suits until this duty is performed. *Holmes* v. *Wilson,* 10 Ad. & El., 503; *Clegg* v. *Dearden,* 12 Queen's Bench, 601; *Leland* v. *Marsh,* 16 Mass., 389. These cases establish the rule that in all cases of continuing torts, where the wrong-doer is bound to repair the wrong, the injured party may recover *toties quoties.*

3. The case of *Stratford* v. *Sanford,* before referred to, is not law, and the very reason there assigned contradicts and overturns the decision. That case holds it to have been the duty of the defendants to remove the pauper. If this is so the plaintiffs are entitled by inevitable deduction to recover for the continuation of this injury. Yet in the face of this reason, demanding a different result, the case is likened, and decided solely upon this likeness, to a personal assault. There is no likeness whatever. 1st. An assault is a tort *per se,* and damages are recoverable as an incident or aggra-

vation ; whereas here the act is *per se* indifferent and consequential damages are the gist of the action. 2d. In case of an assault the wrong-doer is not bound to repair the injury but simply to make compensation ; whereas here he is bound to repair the injury, or in other words to remove the pauper. 3d. In an assault the damages are a part of the wrongful act, and are a fixed quantity, dependent on fixed causes ; whereas here the damages will not admit of calculation, as they depend on the will of the defendants in removing or refusing to remove the pauper.

4. If, as we claim, there has been a continuing cause of action, then the action is not barred by the statute of limitations.

*Hungerford* and *Bulkeley*, for the defendants.

1. The removal of the pauper to Marlborough was a single act, and when once done terminated. The suit brought by the plaintiffs for that act was commenced soon after the removal, and judgment recovered in 1857 for damages up to the time of the trial. The act of removal being a single act only and ending with itself, that judgment is a bar to the present suit. 1 Swift Dig., 753 ; *Hudson's case*, 4 Coke, 43 ; *Stiles* v. *Tilford*, 10 Wend., 339 ; *Hewitt* v. *Prime*, 21 id., 79 ; *Admr. of Whitney* v. *Clarendon*, 18 Verm., 252 ; *Hopkins* v. *Atlantic & St. Lawrence R. R. Co.*, 36 N. Hamp., 9; *Frink* v. *Schroyer*, 18 Ill., 416 ; *Curtis* v. *Rochester & Syracuse R. R. Co.*, 20 Barb., 282 ; *Hodsoll* v. *Stallebrass*, 11 Ad. & El., 301 ; *Stratford* v. *Sanford*, 9 Conn., 275. All the matters which might have been urged on the former trial are concluded by the judgment. *Parkhurst* v. *Sumner*, 23 Verm., 538 ; *Burdick* v. *Post*, 12 Barb., 168.

2. This case is not like that of a nuisance or false imprisonment. Here there was no nuisance, no imprisonment. The pauper remained in Marlborough of his own free will. He was a free agent.

3. There is no more difficulty in assessing the damages than in assessing the value of a life estate, or one during widow-

hood, or the future expenses to which a person may be subjected by an injury to his wife or child.

4. Whenever a new action can be sustained by a mere continuance of the original wrong, damages can only be recovered up to the date of the writ. Sedgwick on Damages, 108, 144; *Blunt* v. *Mc Cormick*, 3 Denio, 283; *Thayer* v. *Brooks*, 17 Ohio, 489; *Larrabee* v. *Lumbert*, 36 Maine, 440; *Starr* v. *Pease*, 8 Conn., 541.

5. An action for part of an entire cause of action is a bar to a subsequent suit for the residue. *Staples* v. *Goodrich*, 21 Barb., 317; *Coggins* v. *Bulwinkle*, 1 E. D. Smith, 434; *Cunningham* v. *Harris*, 5 Cal., 81; *Bagot* v. *Williams*, 3 Barn. & Cress., 235; *Pinney* v. *Barnes*, 17 Conn., 420.

6. There having been no act of trespass since the removal of the pauper into Marlborough in 1851, the present suit is barred by the statute of limitations.

DUTTON, J. On the 8th of January, 1851, the defendants, then being selectmen of East Haddam, removed a pauper from East Haddam to Marlborough. The pauper had no settlement in Marlborough, and no known settlement in the state. The course pursued by the defendants would have been lawful if the pauper had belonged in Marlborough. The pauper became chargeable, and Marlborough brought a suit against the defendants, and in 1857 recovered judgment for damages, including the expenses incurred up to the time of the judgment. Afterwards the plaintiffs called on the defendants to remove the pauper, which they neglected to do. The pauper thereafter became chargeable to Marlborough, and this suit is brought to recover this subsequent expense. The defendants rely on the former judgment, and also on the statute of limitations as a bar. The determination of the effect of the judgment will dispose of the whole case.

In the case of *Stratford* v. *Sanford*, 9 Conn., 275, which was substantially the same as the former suit between these parties, the superior court allowed the jury to bring in damages up to the time of the trial, and this court held this ruling to be correct. The plaintiffs' counsel in the present case can-

didly admit that if that decision is right this suit must fail. But they have ingeniously drawn an analogy between the facts in such a case as this, and those in an action for the continuance of a nuisance, and insist that according to the well settled principles of law the result ought to be the same. There can be no question that a second action will lie for damages resulting from the continuance of a nuisance, where that continuance is the consequence of mere neglect to remove the nuisance.

So far as this question is concerned, there are but two classes of cases, one where the cause of action is single, and the whole damages must be recovered in one suit or not at all, and the other where there are successive causes of action resulting from one act of the defendant, when successive suits may be brought for each cause of action.   There is no middle class of cases, in which a distinct cause of action may be divided and separate suits brought on the several portions. It is also perfectly clear that if a plaintiff recovers compensation for part of a cause of action, it is a satisfaction of the whole.

The cause of action in such a case as this bears some resemblance to an injury resulting from a nuisance. No immediate injury was occasioned by the act of the defendants. An abiding cause of consequential damage was deposited in the town, from which from time to time injurious results might follow.   But the analogy between it and a nuisance is not complete.   The transportation of the pauper into Marlborough was a direct invasion of the rights of the town.   It might in the end impose a burden upon it which it could not remove.   Such an exposure to the loss of a right or privilege has in some instances been held to be an actionable injury. The act of the defendants bears a strong analogy to some causes of action, where, although the principal damage is consequential and future, only one suit could be maintained. If a man should enter upon the land of another and sow the seeds of the Canada thistle, which at first would not be productive of any substantial damage, but which would almost ruin the field by successive crops of the pernicious weed, it

would hardly be contended that one suit and recovery would not be a bar to subsequent actions. It often happens that an assault and battery seems at first to be nothing more than a violation of the right of personal security. But some slight wound may have been inflicted, which after the lapse of years may cause the loss of a limb. If in such a case an action should be immediately brought and damages recovered, no good lawyer would risk bringing a subsequent suit to recover for the loss of the limb.

Our predecessors, in *Stratford* v. *Sanford*, appear to have thought that that case came within this class of injuries, and we are not prepared to say that they were mistaken. At all events, we are unwilling to overrule a decision of this court, which appears to have been well considered, without stronger reasons than have been presented to us. The plaintiffs availed themselves of that decision to recover larger damages than, as they now claim, they were entitled to, and it comes with an ill grace in them to complain of the application of the maxim *stare decisis*. We advise judgment for the defendants.

In this opinion the other judges concurred.