# SUPREME COURT OF ERRORS.

## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, MIDDLESEX, AND TOLLAND,

### ON THE 13TH OF JANUARY, 1880.

### Present,

### CARPENTER, PARDEE, LOOMIS AND GRANGER, JS.

---

### CHARLES N. HALL *vs.* ALBERT PAINE.

A court can not at a later term set aside a judgment rendered at a former term or substitute for it a new judgment.

A court has control over its judgments only during the term in which they are rendered.

The plaintiff in an action of replevin in the Superior Court made default of appearance and the court rendered judgment for the defendant to recover his costs. At the next term of the court, on the defendant's motion and in the absence of the plaintiff, the court ordered the judgment of the former term erased and rendered a new judgment against the plaintiff for the return of the property, for damages and for costs. Held on error—

1. That the court had no jurisdiction of the case at the second term.
2. That it made no difference that the first judgment was an inadequate one in its omission to order a return of the property and to award damages.

WRIT OF ERROR to reverse a judgment of the Superior Court in Tolland County in an action of replevin. The case is fully stated in the opinion.

*G. W. Phillips* and *S. H. Seward*, for the plaintiff.

*T. E. Graves*, for the defendant.

LOOMIS, J. The plaintiff brought his action of replevin to the Superior Court in Tolland County at the December term, 1875. The case was continued from time to time until the April term, 1878, when the plaintiff, having made default of

appearance, was non-suited, and judgment was rendered for the defendant to recover of the plaintiff his costs, taxed at $48.45. The judgment was duly recorded by order of the court and the case was not continued. At the following June term of the court the defendant again appeared, and made (in the absence of the plaintiff and without notice to him) a written motion alleging certain facts, (whether true or not the court nowhere finds,) concluding with an avowry and prayer for a hearing in damages and a judgment for the return of the property; whereupon, in the absence of the plaintiff and without notice to him, the court ordered the judgment of the April term erased, and rendered another judgment of non-suit against the plaintiff, and that the defendant recover of the plaintiff the possession of the property and fifty dollars damages and costs taxed at $64.95.

The plaintiff now brings his writ of error to this court to reverse the judgment of the June term; and it comes before us on the defendant's plea of nothing erroneous.

That the action of the court at the June term was erroneous seems too manifest for argument.

It would have been competent for the April court during the term to have modified or erased its own judgment after notice to the parties, but not having done so, its judgment was a final disposition of the case, until set aside or annulled by some competent court of review.

It is no answer to say that the judgment as rendered was not such an one as the defendant under the provisions of the statute (General Statutes, p. 487, sec. 8,) was entitled to, that is, to a judgment not only for his costs, but for damages and a return of the property. The defendant was in court when the non-suit was granted and made no avowry or claim for damages and a return of the property; and presumably it was his own fault rather than that of the court that judgment was rendered only for costs.

But however this may be, the inadequacy of the judgment gave no right to the defendant, and conferred no power on the court at the subsequent term, either to supplement the first judgment by a new one, or to erase and annul the judgment of the former term.

The judgment could not be supplemented by another, because there cannot be two final judgments in the same case in force at the same time.   One judgment, though for a part only of a cause of action, is an absolute bar to another, and a satisfaction of the whole.   *Marlborough* v. *Sisson et al.*, 31 ; Conn., 332; *Pinney* v. *Barnes*, 17 Conn., 420; *Burritt* v. *Belfy*, ante, p. 323, and cases cited in the opinion.

The former judgment could not be reversed or erased by the court at the June term, because the latter had no jurisdiction of the case at all; it was not pending in that court, and it is never competent for one Superior Court to revise or reverse the judgment of another, unless on writ of error *coram nobis*, where the judgment was erroneous in matter of fact.

But even if the court had jurisdiction of such a matter, the action of the court under the circumstances in receiving the defendant's motion and avowry and in proceeding to hear the case and render judgment without any notice to the opposite party, was clearly erroneous.   *Babcock* v. *Janes*, Kirby, 361; *Richards* v. *Way*, Kirby, 269.

There was manifest error in the judgment complained of, and it is reversed and set aside.

. In this opinion the other judges concurred.