HEWLETT O'DELL vs. LEROY M. COWLES.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

When a cause has been discontinued, upon the annual call of the docket, conformably to the rules of court, it is questionable whether the court at a subsequent term has any power to restore the case to the docket.

If such power does exist, it certainly cannot be exercised upon oral motion only and without notice to the adverse party; and a cause so restored to the docket should be erased therefrom.

Argued October 30th—decided December 18th, 1903.

ACTION of replevin, brought to the Court of Common Pleas in New Haven County where, after a pendency of three years without trial, it was stricken from the docket by the court, *Cable, J.* Subsequently, upon an *ex parte* motion, the cause was restored to the docket (*Cable, J.*), and later was again stricken therefrom (*Hubbard, J.*) after a hearing upon motion, from which action the plaintiff appealed. *No error.*

O'Dell v. Cowles.

*Benjamin Slade,* for the appellant (plaintiff).

*William F. Henney* and *Henry C. Gussman,* for the appellee (defendant).

PRENTICE, J.   This cause, pending in the Court of Common Pleas in New Haven county, was at the May term discontinued conformably to the rules of court.   At the September term, upon the oral motion of plaintiff's counsel, the case was restored to the docket.   No notice of the pendency of the motion was given and it was not placed upon the short calendar.   Subsequently the defendant, having learned of this action, made a motion to erase the case from the docket. This motion was placed on the short calendar and the parties heard thereon by the court, another judge presiding.   Thereupon the court found that the case had been improperly restored to the docket and granted the motion.

If the court at its September term had any power over the judgment of discontinuance rendered at its May term, it was upon other proceedings than an oral motion without notice to the adverse party.   *Hall* v. *Paine,* 47 Conn. 429 ; *Sturdevant* v. *Stanton,* ibid. 579 ; *Tyler* v. *Aspinwall,* 73 id. 493 ; *Goldreyer* v. *Cronan,* 76 id. 113.

The court having, subsequent to the unlawful restoration, upon motion, notice and hearing, found the facts which, in so far as they were essential, its own records disclosed, and having rightfully found thereon that the case was improperly upon the docket as a pending one, took the only proper course and erased it therefrom.   This action involved no review, as claimed, of an exercise of discretion on the part of the judge who was presiding when the case was ordered restored.   The court upon that occasion was vested with no discretion to do what it did.

There is no error.

In this opinion the other judges concurred.