This case was returned to court on the first Tuesday of May, 1932. So far as the record or evidence disclose, no effort to dispose of it, in court, was made during its pendency. It does appear, however, that between January and the end of March, 1935, counsel for the parties were *Page 68 
carrying on negotiations for settlement, with the understanding, that if they were unsuccessful, the case would be transferred to the Superior Court because the amount claimed exceeded the jurisdiction of this Court. While waiting for an answer from the defendant on the last offer made by the plaintiff, the case was stricken from the docket.
The plaintiff's counsel rests entirely on the claim that he received no notice from the Clerk of this Court that the case would be stricken, and, further, that he received no notice after it had been stricken. The evidence is very definite, however, that on April 30, 1935, the Clerk notified all attorneys, entitled to such notice, that on May 17, 1935, the Court would discontinue all cases pending more than two years unless certain action for continuance is taken. It further appears that after May 17, 1935, the Clerk mailed, to all attorneys entitled thereto, a list of discontinued cases, with instructions as to the necessary procedure for their restoration. This case was included in the list but no action for its restoration was taken until this motion was filed on September 28, 1935, after the close of the term of the court at which the case was discontinued.
The Clerk of this Court has complied with every requirement relating to the "clearing of the docket", and no blame for the discontinuance of the case, nor for failure to accomplish its restoration within the prescribed time, can be laid at his door. He cannot, of course, guarantee delivery of his notices, nor does he claim infallibility for his office staff. He has, however, done everything that the law, rules of court, and efficient office management command. It seems improbable, therefore, that neither of the notices in question reached the attorney's office. They may have been mislaid or unnoticed, or the case in question may have been overlooked by the attorney or his capable secretary, for they too are subject to the same human imperfections attributed to the staff in the Clerk's office.
The question then is, whether a compliance on the part of the Clerk with all the rules, and a failure on the part of an attorney to comply with them is sufficient reason for refusal to restore this case to the docket.
Our Supreme Court has held repeatedly that a court has no power to change or amend its judgment after the close of *Page 69 
the term during which the judgment was rendered.
Goldreyer vs. Cronan, 76 Conn. 113.
It has also been held that an order to strike a case from the docket is a final judgment.
O'Dell vs. Cowles, 76 Conn. 293.
These rulings are, however, subject to the power of the Court to rectify or reopen a former judgment if obtained by fraud, accident or mistake, and failure to do so will accomplish an inequitable result. Perhaps the plaintiff's attorney should have been more alert in detecting the discontinuance; he should have known that during the month of May in each year the Superior and Common Pleas Courts "clear the dockets". But, if in the hustle and bustle of a busy law office, a discontinued case is overlooked and no harm is done by restoring it, but an injustice results from failure to do so, then the general equity powers inherent in the court to which the application is addressed should be exercised.
Sullivan County Railroad vs. Connecticut River Company,76 Conn. 464; Allis vs. Hall, 76 Conn. 322; Folwell, et alsvs. Louis B. Howell, et al, 117 Conn. 565.
While the facts in this case differ from those in Glazer vs.Rosoff, 120 Conn. Page 120, it is, nevertheless, apparent that our Supreme Court is solicitous for the rights of parties and will not countenance the discontinuance of a case without notice and an opportunity to be heard.
In view of the negotiations for settlement carried on up to a short time before the discontinuance, it is possible that the attorney for the plaintiff was under the erroneous impression that the "clearing of the docket" would not affect his case. While there appears to be no good reason for his feeling of security, the Court is, nevertheless, of the opinion that the equitable doctrine of "accident" or "mistake" applies here.
The Court has carefully studied the subject and is cognizant of the fact that its decision is in conflict with prevailing authorities. Because of this conflict, it is obvious that in granting the motion, the Court may be skating on thin ice. Nevertheless, equity and good conscience dictate affirmative action.
 The Motion to Restore to the Docket is granted.