HENRY L. STURDEVANT *vs.* RICHARD E. STANTON.

A judge holding a term has power to retain a case which he has heard, for consideration and decision, after the close of the term.

But after he has once rendered a decision he has no further power over the case. It stands then like any other case that had been decided during the term.

A cause thus retained for decision remains upon the docket of the court until decided, and is thus in a sense under the control of any judge holding a later term of the court while it remains on the docket; and if the judge who heard the case for any cause fails to decide it, he can at his discretion resume control of it, and hear it and render judgment in it as if it had never been heard before.

A bill in equity was kept for consideration and decision after the close of a term in January, 1877. In June following the judge sent the file to the clerk of the court with the following entry upon it: "Decree that respondent recover cost." In March, 1878, the judge filed a writing in the case with the clerk, stating certain facts found and certain reasons for his judgment, and making a formal order that the petition be dismissed. Held on error—1. That the judge had no further power in the case after the judgment rendered in June, 1877. 2. That that judgment was erroneous because the facts upon which it was based were not found, as required by law. 3. That no valid judgment could now be rendered in the case.

| 47 | 579 |
| 72 | 615 |

| 47 | 579 |
| 73 | 497 |

| 47 | 579 |
| 76 | 115 |
| 76 | 116 |
| 76 | 294 |
| 76 | 306 |

The general rule is that errors must be assigned with exactness; but where an error is not so assigned the court may yet in its discretion consider it—the court having the right to reverse a judgment for errors not assigned.

WRIT OF ERROR to reverse a judgment of the Superior Court in Fairfield County, dismissing a bill in equity. The points of law decided will be sufficiently understood without a statement of the facts.

*A. S. Treat* and *C. Sherwood*, for the plaintiff.

*W. K. Seeley* and *E. W. Seymour*, for the defendant.

PARDEE, J. During the continuance of a term of court the judge holding it has, in a sense, absolute control over judgments rendered.; that is, he can declare and subsequently modify or annul them. But, as they are at the end of the term they must remain, so far as he, as the judge who held it, is concerned ; they are only to be changed by reversal for error or upon petition for a new trial, a new and independent proceeding. But his power over causes which he has heard but in which he has rendered no judgment before the final adjournment is of necessity to be exercised within limitations. If it is unlimited for a day after such adjournment it must continue the same to the end of his term of office ; and during that entire period he could change, recall and annul his judgments at pleasure. But this would be intolerable. The rule that his retention of a cause for consideration shall not work any injustice must not be so extended as to put in peril all judgments. To the judge thus holding a cause for advisement is to be conceded only the power to do the one thing for which, in the understanding of both parties to it, he retained it; that is, to render a judgment; one judgment, no more ; one judgment, one decree, once for all; no power to change or annul for the reason assigned.

The cause before us, a bill in equity, remained undecided at the end of the term in January, 1877. In June following the judge returned the file to the clerk, having written thereon these words: "Decree that respondent recover cost;" without more. The statute (Revision of 1875, p. 444, sec.

10) provides that " courts of equity shall cause the facts on which they found their decrees to appear on the record;" a requirement that the proceeding shall conclude with a judgment in such form, accompanied by a finding of facts in such manner, as to afford opportunity to the defeated party to review it. No disposition of a cause which denies this can be accepted as a judgment without error. The memorandum of the judge is the expression of his intention to perform thereby his final act in reference to the cause; to embody therein his ultimate conclusion as to the law; and to bear thereafter to it the relation which, after the end of a term, he bears to judgments rendered during its continuance.

In March, 1878, the judge filed the following writing with the clerk, in reference to the cause: " That said respondent did on the 8th day of October, 1869, with the knowledge and concurrence of the petitioner, sell and convey the said premises by warrantee deed to a sister of the petitioner, who has ever since continued to be the owner of the same, and that all and singular the causes of action and matters of complaint in said petition set forth, are barred by lapse of time and by the statute in such case provided; and that for whatever causes of action or complaint in the premises the petitioner may have or may have had, he has adequate remedy at law. Whereupon this court doth order and adjudge that said petition be and is dismissed and that the respondent recover his cost."

The memorandum of June, 1877, which must be regarded as the final act of the judge, the act which exhausted the residuum of power over the cause after final adjournment, failed, for the reason suggested, of being an effective judgment; and we cannot concede to him the power in March, 1878, to change that which he intended in June, 1877, should thereafter stand as his judgment. It results therefore that no judgment without error has been or can now be rendered in the cause.

It is objected that this error is not included in the assignment of errors.

It is clear that the plaintiff in error advised the opposite

party that he intended to take advantage of it; but, in his un-
certainty as to which memorandum (if either) would ulti-
mately be declared to be the decree in the case, imputed the
absence of any sufficient finding of facts, as an error, to the
last one, which rests upon one fact. We think we shall do
no injustice if we consider it as having also been imputed to
the first, which is not supported by any finding. It is not
necessary that we hold the assignment of the error sufficient
against a critical objection, as it rests in the discretion of the
court to take notice of errors even when not assigned. We
thus establish no precedent that shall affect the general rule
that errors must be assigned with exactness.

Although, from the practice of hearing causes up to the
last day of a term there results of necessity the postponement
of judgment in some of them until after such day, yet these
are continued upon the dockets of succeeding terms, and are
in a sense under the control of the several judges holding
them; that is, if for any reason the judge who tried them
becomes unable to or does not render any judgment therein,
the court at any one of those terms will, upon being informed
of such fact, if it deems such course necessary to the due ad-
ministration of justice, resume control of such cause, hear it
and render judgment therein, as if no trial thereof had pre-
viously commenced.

There is error in the judgment complained of.

In this opinion the other judges concurred.