CORCELIA E. TYLER ET AL. *vs.* FLORENCE S. ASPINWALL.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

After the expiration of the term at which it was rendered, a recorded judgment will ordinarily be corrected or amended only upon notice to the adverse party.

While the Superior Court has power to set aside a judgment of divorce which was obtained years before by fraud and perjury, it is not error to refuse to do so upon the application of strangers whose legal rights are not affected by the judgment.

The defendant, having secured a Connecticut divorce from her first husband, who was still living, married a relative of the plaintiffs and on his death, intestate, became entitled, as his widow, to a large portion of his property which, except for such marriage, would have descended to the plaintiffs as his heirs-at-law. *Held* that the plaintiffs were strangers to the decree of divorce, and could not maintain

a suit to have it set aside upon the ground that it had been obtained by the fraud and perjury of the defendant.

Argued November 8th, 1900—decided January 3d, 1901.

ACTION to set aside a decree of divorce upon the ground that it had been procured by fraud, brought to the Superior Court in Fairfield County and tried to the court upon the plaintiffs' demurrer to a plea to the jurisdiction; the court, *Roraback, J.,* overruled the demurrer, sustained the plea and rendered judgment for the defendant, and the plaintiffs appealed for alleged errors in the rulings of the court. *No error.*

All the parties reside out of this State, and the complaint alleges, in substance, the following facts : —

The plaintiffs are the heirs-at-law of Charles D. Tyler, who died intestate in Newfoundland in 1897, leaving an estate valued at about $25,000.

The defendant, by virtue of an alleged marriage with the deceased, claims an interest in his estate as his widow. In 1882 the defendant was married to Sumner D. Aspinwall of Newark, New Jersey, and as his wife she thereafter resided with him and had her domicil in that State until May, 1893. In September, 1893, she brought a suit for divorce against him, to the Superior Court in Fairfield county, on the ground of his habitual intemperance and intolerable cruelty, and in February, 1894, said court granted her a divorce on the latter ground. Unless said marriage was dissolved by this judgment it has never been dissolved, and said Aspinwall is now in full life.

The complaint avers that Aspinwall was never a resident of this State, " nor had the defendant, at the time of the institution of said suit for divorce, . . . been a resident of Connecticut for a period of three years, neither had she, being domiciled in this State before her marriage, returned to this State with the intention of permanently remaining, and the court granting said decree was therefore without jurisdiction." The allegations of the complaint, that Aspinwall was habitually intemperate and had been guilty of in-

tolerable cruelty, and the testimony of the defendant in support of these allegations, were utterly false and untrue.   A willful fraud was committed upon the court, and said judgment of divorce was wrongfully and fraudulently obtained, to the damage and injury of the plaintiffs.   The plaintiffs have already been damaged by the claims of the defendant upon the estate of the deceased, to the extent of $1,000, and if said judgment of divorce is allowed to stand will be permanently injured to the extent of $25,000, and they have no adequate remedy at law.   The plaintiffs claimed $1,000 damages, and that the judgment of divorce be " set aside, vacated, and annulled."

The defendant appeared in court " for the purpose of pleading to the jurisdiction, only," and by way of plea in abatement she alleged that the court had no jurisdiction because : (1) the parties when the suit was commenced were all non-residents of this State ; (2) no personal service of the process or of the complaint was ever made upon the defendant, nor had any estate of hers been attached in the suit ; (3) neither of the plaintiffs were parties to the action of divorce in question, nor did they have any interest therein ; (4) no recovery of damages can be had in this proceeding for the acts of the defendants alleged.

The plaintiffs moved to strike out of this plea the third and fourth of the above paragraphs, on the ground that the matters alleged in them were (1) immaterial and impertinent ; (2) could not be taken advantage of by plea in abatement ; and (3) were not matters of which the defendant could take advantage under an appearance for the sole purpose of pleading to the jurisdiction.   The court denied the motion.

The plaintiffs then demurred to the plea in abatement, for the following reasons : (1) To the whole plea, because the allegations thereof are immaterial and irrelevant.   (2) To the paragraphs relating to the non-residence of the parties, want of personal service on defendant, and the fact that none of her property had been attached, because this was in substance a proceeding to set aside a void judgment, or one that had been procured by fraud, which could not be brought in any other

jurisdiction, and which invoked the exercise of a power in the court not dependent upon the presence of the parties by whom the fraud was perpetrated. (3) To the third and fourth paragraphs of the plea as hereinbefore stated, because of the reasons alleged in the motion to strike out.

After this the complaint was amended by striking out the prayer for relief by way of damages.

The court overruled the demurrer on the grounds, (1) that it had acquired no jurisdiction over the defendant; (2) that the plaintiffs had no standing in court, because they were not parties to the action for divorce and were not legally prejudiced by the judgment therein.

The reasons of appeal relate to the action of the court in denying the motion to strike out and in overruling the demurrer.

*Joseph P. Tuttle* and *Robert C. Dickenson*, for the appellants (plaintiffs).

*Samuel Tweedy*, for the appellee (defendant).

TORRANCE, J. The appeal in this case involves, to some extent, the consideration of the power of the Superior Court over its recorded judgments, and its duty to exercise that power under certain circumstances.

Over its recorded judgments it may exercise two powers, separate and distinct in their purpose and object, if not in their nature, namely: (1) the power to correct and amend the record so that it shall speak truth—shall truly show what the judicial action really was; (2) the power to set aside, annul and vacate such judgment.

Many of the limitations and conditions under which it will exercise one of these powers, may not limit or condition its exercise of the other. It may rightfully exercise its powers merely to amend or correct the record of the judgment so as to make it speak truthfully, under circumstances which would not at all justify it in exercising its power to vacate the judgment. As the record is a history of the court proceedings,

Tyler *v.* Aspinwall.

the power to make it speak truthfully is one of necessity belonging to every court of record, and may be exercised as well during the term at which the judgment was rendered, on the court's own motion or otherwise, as afterwards; but when exercised afterwards it will generally be done only upon notice to the adverse party. *Wilkie* v. *Hall,* 15 Conn. 32; *Weed* v. *Weed,* 25 id. 337, 342; *Calhoun* v. *Terry Porter & Co.*, 21 id. 526, 530; *Smith* v. *Moore,* 38 id. 105, 109; *Rowe* v. *Smith,* 51 id. 266.

As to the other power—to vacate or set aside a recorded judgment—the authorities are agreed that it may be exercised during the term at which the judgment was rendered, substantially at the discretion of the court. "It is a general rule of the law, that all the judgments, decrees or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and that they may then be set aside, vacated, modified or annulled by the court." *Bronson* v. *Schulten,* 104 U. S. 410, 415. See also to the same effect, *Sturdevant* v. *Stanton,* 47 Conn. 579, 580; *Wilkie* v. *Hall,* 15 id. 32, 37; *Weed* v. *Weed,* 25 id. 337, 342; *Foster* v. *Redfield,* 50 Vt. 285; *Maryland Steel Co.* v. *Marney,* 46 Atl. Rep. 1077.

But whether this power can be exercised upon equitable grounds, after the term at which the judgment was rendered has ended, and if so, upon what conditions and under what limitations, are questions upon which the courts in the different States are not in accord with each other. In many of the States a more or less limited control over its judgments, after the expiration of the term at which they are rendered, has been conferred upon the courts by statute; while in others a more or less limited power of this kind is held to be inherent in the court without the aid of legislation. Then too, the mode of procedure in such cases, and the circumstances under which this exercise of such power can be invoked successfully, vary very much in the different jurisdictions. In some the mode of procedure is, in a more or less summary way, by motion supported by affidavits; while in others it must be by

bill of review in equity, or by petition for a new trial, or by some other mode of application to the court which rendered the judgment sought to be set aside. For these and other reasons of a similar nature, the decisions in one jurisdiction afford but little aid in determining matters of this kind in another.

In the case at bar the equitable power of the Superior Court in Fairfield county is invoked to set aside a judgment rendered six years before. This is the only court to which an application of this nature could be brought, and such court is invested with full power to entertain and grant applications of this kind. *Smith* v. *Hall*, 71 Conn. 427, 432. The real question in this case is not whether the Superior Court possesses the power to set aside the judgment of divorce in question, upon the grounds alleged in the complaint; but it is whether the court erred in not exercising that power in favor of these plaintiffs.

The judgment which the plaintiffs seek to open is one of a peculiar character. It establishes the personal *status* of the parties to it in a particular which was of the highest importance to the parties and to the community. They had been married. It made them single and unmarried. If such a judgment can, under any circumstances, be reopened at the suit of a stranger, this judgment cannot be reopened at the suit of the plaintiffs. Its consequences, if harmful to them, are of too remote and indirect a character to give them any cause of action. The court is not called upon to exercise this power at the instance of such parties. Courts are instituted to give relief to parties whose rights have been invaded, and to give it at the instance of such parties; and a party whose rights have not been invaded cannot be heard to complain if the court refuses to act at his instance in righting the wrongs of another who seeks no redress. The courts are practically unanimous in holding that it is not error to refuse to exercise the power here in question, at the instance of a mere stranger whose rights are not at all affected by the judgment he seeks to have set aside. *Foster* v. *Mansfield, C. & L. M. R. Co.*, 146 U. S. 88; *Ætna Ins. Co.* v. *Aldrich*, 38 Wis. 107; *Drexel's*

Tyler v. Aspinwall.

*Appeal,* 6 Pa. St. 272; *Robinson* v. *Stevens,* 63 Vt. 555; *Smith* v. *Hall,* 69 Conn. 651, 665; 1 Black on Judg. §§ 317, 359. This is merely a special application of the wide, general principle that courts will act only in behalf of parties who show themselves entitled to such action. They sit to vindicate rights at the instance of parties whose rights have been invaded, and not to vindicate mere abstract principles of justice at the instance of any one.

In the case at bar the complaint, as finally amended, is merely a petition to set aside the judgment of divorce upon equitable grounds; and it shows upon its face, and without the aid of the allegations in the plea in abatement, that the plaintiffs were strangers to the judgment, and that their rights, legal or equitable, were in no way affected by it. There are no facts stated in the complaint which bring the plaintiffs within any of the recognized exceptions to the general rule that strangers to a judgment are not entitled to have it set aside. The mere fact that the setting aside of the judgment would be an advantage to the plaintiffs is not enough; they must show that some legal or equitable right of theirs was invaded by the judgment, before they can complain of the refusal of the court to act upon their petition to have it set aside. The court below based its judgment in this case upon two grounds, namely: (1) the want of jurisdiction over the defendant; (2) the want of interest in the plaintiffs. Even if the court erred as to the first ground, the second ground is sufficient to justify the judgment.

In this view of the case it becomes unnecessary to decide whether the court erred in denying the motion to strike out, or in overruling the demurrer to the plea in abatement, and about these matters we express no opinion.

There is no error.

In this opinion the other judges concurred.