## THE WATERBURY LUMBER AND COAL COMPANY vs. WALTER F. HINCKLEY ET AL.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A judgment must be proved by the record or a duly authenticated copy thereof, unless such record is shown to have been lost or destroyed. It cannot be proved, if objection is made, by laying in the files in the original action, including the writ, complaint and bill of particulars, and the testimony of the clerk of the court that a judgment had been rendered and execution issued.

The finding of a material fact by the trial judge because of his misconception of the law respecting the burden of proof, is an error for which a new trial may be granted.

Under General Statutes, § 893 (Rev. of 1902, § 826), no attachment lien can be acquired upon a complaint which does not contain a money

demand; nor under § 3031 (Rev. of 1902, § 4149) can a lien be imposed upon land to secure a judgment for other than money damages.

Where it is patent upon the face of the record that the judgment rendered was clearly contrary to law, a general assignment of such error may be treated as sufficient.

Argued June 6th—decided July 18th, 1902.

ACTION to subject the equitable interest of two of the defendants in certain real estate, to a lien in favor of the plaintiff for a judgment debt of $107, and for other relief, brought to the District Court of Waterbury and tried to the court, *Cowell, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*Frederick M. Peasley*, for the appellants (defendants).

*Henry W. Minor*, for the appellee (plaintiff).

HALL, J.   The complaint in this action, dated August 22d, 1900, alleges that the plaintiff in July, 1900, recovered judgment in the City Court of Waterbury against the defendants Hinckley and wife. for $100 and costs, for materials furnished by the plaintiff in 1892 for the repair of a building upon premises in Naugatuck then owned by Mrs. Hinckley; that an execution, issued on the 21st of the following August, upon said judgment, was returned unsatisfied, and that said judgment remains unpaid.   It is further alleged that in 1894 said Hinckley and wife exchanged said premises in Naugatuck for premises in Waterbury, on Grand Street, and in 1898 exchanged the Grand Street premises for property on Fleming Street in Waterbury; that the consideration given for the last-named property was the property of Mrs. Hinckley, and that she is now the equitable owner of said Fleming Street property, although the title thereto was taken and still stands in the name of the defendant Sarah C. Nettleton.

A second count alleges that the title to the Fleming Street land was taken in the name of the defendant Nettleton, to

prevent said property from being taken by the creditors of Mrs. Hinckley, and that said Nettleton gave no consideration therefor.

The plaintiff asks that the equitable interest belonging to Mrs. Hinckley may be subjected to a lien for the amount of the plaintiff's judgment and costs, and that the interest of the defendant Nettleton be postponed until the plaintiff's interest in said property upon said judgment has been paid.

The writ directs an attachment of the defendants' property to the value of $200.

The trial court found that the plaintiff had obtained judgment against Mr. and Mrs. Hinckley for the value of materials furnished as alleged; that the exchanges of property were made at the times stated in the complaint; that the defendant Nettleton had a mortgage of $2,500 on the Grand Street property, " given her by the said Hinckleys to secure her for certain moneys she claimed to have advanced them from time to time from 1880 to 1893," and that when the Grand Street property was exchanged for the Fleming Street premises, " the record title " to the latter was taken in the name of the defendant Nettleton. It is found that the defendant Nettleton never took possession of the Fleming Street property, but that the Hinckleys have occupied a part of the dwelling-house upon it, and have rented and received the rent for a portion of it. Mrs. Hinckley is the foster-child of the defendant Nettleton, with whom she lived until she married the said Walter F. Hinckley.

Upon the trial the court, against the defendants' objection, permitted the plaintiff, for the purpose of proving the alleged judgment of the City Court against said Hinckleys, to lay in evidence the original file in said action in the City Court, including the writ and complaint containing the common counts, with a bill of particulars, stating an indebtedness of said Hinckleys to the plaintiff for merchandise sold and delivered, to the amount of $100, in connection with the testimony of the clerk of said City Court that the plaintiff had obtained judgment by default, and that an execution issued on said judgment on the 20th of August, 1900, was in April, 1901,

returned unsatisfied. No other evidence of said judgment was offered.

Such evidence was improperly received. The record of the court in which the judgment was rendered, or a duly-authenticated copy of such record, was the only proper evidence of the judgment, in the absence of evidence that such record was lost or destroyed. The file received was not such a record, nor was the execution, which upon its face refers to the judgment upon which it is based, "as appears of record." *Davidson* v. *Murphy*, 13 Conn. 213, 217.

The finding states that the defendant offered no evidence, and that "it did not appear that there was any consideration for the Fleming Street property, except the aforesaid Grand Street property exchanged by the defendant" Mrs. Hinckley, and at its conclusion the finding states that from the foregoing facts the court finds that although the title to the Fleming Street property was taken in the name of the defendant Nettleton, "it is not a good faith and equitable title, but was taken for the purpose of protecting said property from claims against the defendant" Mrs. Hinckley. One of the reasons of appeal is that the court erred in drawing such conclusion from said facts.

In the answer filed by the defendant Nettleton, she in effect alleges that she is the owner of the Fleming Street property, and that it was conveyed to her in consideration of the release of her $2,500 mortgage upon the Grand Street property. The court finds that she had such a mortgage upon the Grand Street property, at the time it was exchanged for the property in question, and it does not appear that this mortgage was fraudulent or invalid.

From the nature of all the facts before us, from which the trial court states that it reached the conclusion that the title was taken in the defendant Nettleton in bad faith, viewed in connection with the statements in the finding that the defendant declined to offer any evidence in the case, and that it did not appear that there was any consideration for the Fleming Street property, etc., we are led to believe that in reaching such conclusion the trial court erroneously im-

posed upon the defendant Nettleton the burden of proving that the Fleming Street property was conveyed to her upon good consideration.

In its judgment the trial court declared the property in question to be subject to the attachment lien of the plaintiff "made at the inception of this action," that such lien should be prior to the interest of either of the defendants, and that a judgment lien might be filed against said premises, "predicated upon said attachment lien," which should "have the same force and effect as is provided by the statutes for the filing of judgment liens."

One of the errors assigned in the appeal is that the trial court decided that the plaintiff was entitled to this relief upon the facts found. Where it is patent upon the face of the record, as we think it is in this case, that the judgment rendered was clearly contrary to law, such general assignment of error may be considered sufficient. *Stevens* v. *Kelley*, 66 Conn. 570, 574.

It is not claimed that the plaintiff has filed any certificate of lien against this property, or that by attachment or execution it acquired any interest in it prior to the time of the attempted attachment in this action. By such attachment as may have been made in commencing this action no lien was acquired, since the complaint contained no money demand. General Statutes, § 893 (Rev. 1902, § 826).

"In our State the right to file a valid judgment-lien is wholly a creature of the statute. The conditions precedent to the validity of such a lien are all prescribed by statute." *Hobbs* v. *Simmonds*, 61 Conn. 235, 238. Section 3031 of the General Statutes (Rev. 1902, § 4149) permits the filing of such certificate of lien only upon a judgment for money damages. In the present case no judgment for money damages was rendered, and none could have been rendered upon the complaint.

The trial court erred in adjudging that the plaintiff had an attachment lien upon the property upon which a judgment lien might be predicated, and that the plaintiff was en-

titled to a judgment lien upon the judgment rendered in this action.

There is error and the judgment is reversed.

In this opinion the other judges concurred.