## SUSSMAN GOLDREYER vs. PATRICK J. CRONAN.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A clerical mistake in recording the judgment of a court of record may be corrected at any time upon proper notice to the parties in interest; but the rendition of a judgment for too small a sum is a judicial error, not a clerical mistake, and can be corrected, as a rule, only during the term in which the erroneous judgment was rendered.

In the present case the trial court rendered judgment in favor of the plaintiff for $300 and costs, which was accurately although informally recorded, and at a subsequent term granted the motion of the plaintiff that the judgment be corrected by adding interest amounting to $100. *Held* that this was not the correction of a clerical mistake, but the substitution of one judgment for another, which the court was powerless to do after the close of the term in which the first judgment was rendered.

The finding on appeal stated that the trial court " by oversight, inadvertence and mistake, accidentally omitted to add the interest" in awarding the original judgment. *Held* that this did not show a clerical mistake in recording the judgment, but a mistake of the judge in its rendition.

Argued June 9th—decided July 24th, 1903.

APPEAL from the Court of Common Pleas in New Haven County, *Bishop, J.*, assigning error in granting an oral motion of the plaintiff to correct the judgment by adding interest thereto. *Error; judgment set aside and cause remanded.*

*James P. Pigott*, for the appellant (defendant).

*Charles S. Hamilton*, for the appellee (plaintiff).

TORRANCE, C. J. The complaint in this case alleged that the defendant owed the plaintiff divers sums of money, the amount of one of the items being $300. The trial court allowed this item and disallowed the others. The case was tried at the November term of the court in 1902, and decided at the January term, 1903, the precise date of judgment being the 26th day of February, 1903. On that day the judge filed in court a paper called " memoranda on which judgment is based," which, after reciting the substance of the evidence in the case, stated that the court allowed the $300 dollar item and disallowed the others, and ended with these words: " Judgment for plaintiff to recover $300, and costs. *J. Bishop, Judge.*" On that same day the following entry was made on the file in said case : " Judgment for the plaintiff to recover $300. New Haven, February 26th, 1903. *J. Bishop, Judge.*"

It does not appear that any formal judgment in accordance with said memoranda was ever entered up, but on the 11th of March, 1903, the court ordered judgment for $400.50 in favor of the plaintiff to be formally entered up, and this was done under the following circumstances, as stated in the finding: " On March 2d, 1903, the plaintiff and defendant appeared in court, and Judge Julius C. Cable, one of the judges of the court, directed the clerk to call in Judge Bishop to hold said court. Said court was duly opened by the sheriff, and thereupon the plaintiff orally moved that the judgment be corrected by adding interest. The defendant objected to such correction on the ground that the January term of said court had ended, and the March term begun; and further, that if the court had jurisdiction the plaintiff was not in law entitled to such interest; and further, that the plaintiff by his failure to prosecute his suit with due diligence waived whatever right if any he had to interest on the judgment. On March 11th, 1903, the court granted said motion of the plaintiff, and corrected said judgment, and added the interest, amounting to $100.50."

It will thus be seen that the judge, through said signed memoranda, announced in effect that he found the damages

Goldreyer *v.* Cronan.

to be $300, and that he rendered judgment for the plaintiff for that amount only, and costs of suit. After this the case was not continued to the next term, nor was it held for further consideration or advisement, nor was any further action of the court necessary to entitle the plaintiff to the entry of a formal judgment in his favor for $300 damages and costs.

Assuming for the present that the entry of judgment thus made was a true entry of the judgment actually rendered, we must regard the judgment, for the purposes of this case, as one finally disposing of the case until set aside or annulled by some competent court of review. " The memorandum . . . must be regarded as the final act of the judge, the act which exhausted the *residuum* of power over the cause after final adjournment." *Sturdevant* v. *Stanton,* 47 Conn. 579, 581. The case was finally disposed of at the January term of the court, 1903.

Under these circumstances we think that what the trial court did in this case in March must be regarded as having been done at the March term of the court, 1903 (which by law began on the second day of that month), and not as done at, or as of, the preceding January term. The case, then, must be regarded as one in which a final judgment at one term was, at a subsequent term, set aside and another judgment substituted therefor ; and the ultimate controlling question in the case is whether the court had the power to do this.

The plaintiff claims that on the 26th of February, 1903, the court did in fact render judgment for $400.50, but that by a clerical mistake a different and a smaller amount was entered up. If the record sustains this claim, it may be conceded, for the purposes of this case, that the court had the power to correct the mistake at the succeeding term ; or at least that a new trial would not be granted on account of its action in so doing. Mistakes merely clerical, by which the judgment as recorded fails to agree with the judgment in fact rendered, may be corrected at a term subsequent to that in which the judgment was rendered, upon proper notice to all concerned. Over its recorded judgments the

court may exercise two powers : (1) the power to correct and amend the record so that it shall truly show what the judicial action in fact was; (2) the power to set aside, annul and vacate such judgments. It is well settled that these powers may be exercised during the term in which the judgment is rendered, and, speaking generally, that the first can be exercised at any subsequent term; while as a rule the second cannot be so exercised, save under exceptional circumstances. *Tyler* v. *Aspinwall*, 73 Conn. 493; *Wilkie* v. *Hall*, 15 id. 32, 37; *Weed* v. *Weed*, 25 id. 337; *Hall* v. *Paine*, 47 id. 429; *Sturdevant* v. *Stanton*, 47 id. 579 ; *Bronson* v. *Schulten*, 104 U. S. 410 ; *Foster* v. *Redfield*, 50 Vt. 285 ; *Maryland Steel Co.* v. *Marney*, 91 Md. 360, 46 Atl. Rep. 1077 ; 1 Black on Judg., Chap. 9, §§ 153, 158, and cases there cited.

The case thus turns upon the question whether the claimed mistake was a judicial one, in failing to include interest in the judgment as rendered, or a clerical one, in failing to include interest in the judgment as recorded. If the mistake was of the former kind the court, upon the facts found, had no power to correct the mistake at the March term. The claim that the mistake was a clerical one is based entirely upon the following part of the finding : Upon the facts found in the paper called " memoranda on which judgment is based," the court found the issues for the plaintiff " and allowed the item of $300, but in entering the judgment, by oversight, inadvertence, and mistake, accidentally omitted to add thereto the interest from the time it fell due to the date of the rendition of the judgment." This is the only finding upon this point, and, when read in the light of the other parts of the record, we do not think it supports the contention that the mistake was a mere clerical one. What does the phrase " in entering the judgment," as used in this finding, mean ? It can only mean the act of the judge in making the memoranda signed by him; for the record does not show that any other " entry " of the February judgment was ever made by anybody at the January term of court. It may be conceded that the fair inference from this finding is that the

court intended to include interest in the judgment to be rendered, and to enter such judgment in said memoranda; but the question is, does the record show that the court did in fact render such judgment? The finding, as we have seen, is in effect that in making the signed memoranda the judge by mistake failed to include interest; but it does not say that judgment as actually rendered did in fact include interest; and the record nowhere explicitly states that important fact. A judgment, speaking generally, is the determination or sentence of the law speaking through the court; and it does not exist as a legal entity until pronounced, expressed, or made known, in some appropriate way. It may be expressed orally, or in writing, or in both of these ways, in accordance with the customs and usages of the court in which the judgment is rendered.

In the case at bar the February judgment was pronounced in writing only in and by the signed memoranda of the judge. There is no finding that it was ever otherwise pronounced or made known. Before that entry was made the judgment had no existence; when it was made, the judgment first came into being. The entry of it was thus the only expression of it, the only declaration of it, ever made by the judge. It was both pronounced and entered up, so to speak, in the same words and at the same moment. Of necessity, then, the judgment "entered up" was the same as the judgment actually pronounced. It thus clearly appears from the record, outside of the finding now under consideration, that the entry of the judgment made by the judge is a true record of the judgment actually rendered, and cannot, in the nature of things, be other than a true record; and we think there is nothing in that finding absolutely inconsistent with this conclusion. When read in the light of the other facts found, all that the finding can fairly be said to mean is, that the court, by mistake, accidentally failed to include interest in its signed memoranda; and that is equivalent to saying that the court failed to include interest in its judgment; and also in its record of it. We think any other view of the finding is untenable in view of the other facts set forth in the record.

It follows that the court in March had no power to correct, amend, or change the February judgment.

There is error, the March judgment is set aside, and the cause is remanded that judgment may be entered up as of February 26th, 1903, for $300 and costs.

In this opinion the other judges concurred.