THOMAS S. BROWN, ADMINISTRATOR, *vs.* ADELBERT T. S. CLARK, EXECUTOR, ET AL.

First Judicial District, Hartford, January Term, 1909. BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

While a judicial error in the rendition of a judgment can be corrected, as a rule, only during the term in which such judgment was rendered, a clerical mistake in recording the judgment of a court of record may be corrected at any time upon proper notice to the parties in interest.

In the present case the decisive question between the parties was whether the plaintiff or the defendant owned a savings-bank deposit on the 27th of May, 1900. It was agreed that at that date

Brown *v.* Clark.·

the deposit amounted to $212.03, and·that whoever was found to be its owner at that date was entitled to all the interest which subsequently accrued thereon.   The memorandum of decision filed March 30th, 1907, announced that "judgment is rendered that the title and ownership in and to" the deposit-book, and "the amount represented thereon on December 1, 1906, viz., $212.03, and accrued interest" thereafter, "is in the plaintiff administrator ", and that he "recover the same from" the defendant bank.   The date, "December 1, 1906," was inserted by mistake, and should have been May 27th, 1900.   The judgment-file, after stating that the issues were found for the plaintiff, proceeded: "Whereupon it is adjudged that the plaintiff recover from the defendant bank the said deposit, viz., $212.03, and accrued interest from December 1, 1906."   Upon an application to correct the judgment-file so as to allow the plaintiff interest on the deposit from May 27th, 1900, to date of judgment, it was *held:*—

1. That it was apparent from the language of the memorandum, when read in the light of the issues raised by the pleadings, that the entire deposit had been adjudged to belong to the plaintiff, and that while it was not necessary to determine whether the judgment as recorded might not be sufficient to effectuate the judgment as actually rendered in the memorandum, it was certainly not improper to make the correction asked for in order to enable the plaintiff to obtain the deposit from the savings-bank; and that such correction might be made at a subsequent term upon notice to the parties interested.

2. That the mere signing of the judgment-file on March 30th, 1907. by the trial judge, was not to be regarded as the rendition of a later and different judgment from that described in the memorandum of the same date.

3. That inasmuch as the original judgment had not been affirmed on appeal until March, 1908, and the correction was asked for at the following June session, there had been no undue delay or laches on the part of the plaintiff.

Submitted on briefs January 5th—decided January 22d, 1909.

APPEAL by the defendant Clark, executor, from the action of the Superior Court in Middlesex County, *Gager, J.,* in allowing an amendment of the original judgment-file in said cause.  *No error.*

*Rollin U. Tyler,* for the appellant (defendant Clark).

*Frank D. Haines,* for the appellee (plaintiff).

HALL, J. In March, 1904, the plaintiff, as administrator of the estate of Gilbert M. Clark, brought an action to the Superior Court in Middlesex County, under § 1019 of the General Statutes, against Sarah A. Clark, widow of Gilbert M. Clark, and the Society for Savings of Hartford, the allegations of which, and the facts found upon the trial, as well as the decision rendered in March, 1908, upon the appeal to this court, appear in said case as reported in 80 Conn. 419, 68 Atl. 1001.

After the trial of said case in the Superior Court *Judge Gager* filed the following memorandum of decision:—

"Brown, Admr., vs. Clark et al.          Superior Court, Middlesex County, March 30, 1907.

### DECISION.

" In this case upon amended complaint dated September 9, 1905, and counter-claim dated December 31, 1906, judgment is rendered that the title and ownership in and to deposit book No. 41,250 in the Society for Savings of Hartford, and the amount represented thereon on December 1, 1906, viz.: $212.03, and accrued interest from December 1, 1906, is in the plaintiff administrator, and that the plaintiff recover the same from the defendant, The Society for Savings, and that plaintiff recover of the defendant Adelbert S. Clark, Executor of the will of Sarah A. Clark, his costs.

"Also judgment for plaintiff on counter-claim of defendant Clark, executor.

"GAGER, *Judge.*"

The judgment-file as originally prepared, following the regular caption, was as follows:—

### JUDGMENT.

"This action by complaint claiming title to a certain

savings-bank deposit and the book representing the same, known as deposit book No. 41,250 in the Society for Savings, of Hartford, Conn., came to this court on the first Tuesday of April, 1904. The defendant Sarah A. Clark died after the suit was entered in this court, and thereafter her executor, Adelbert T. S. Clark, entered his appearance in this action.

"The case came then by continuance to the present time, when the parties appeared and were at issue to the court, as on file.

"The court, having heard the parties, finds the issues for the plaintiff.

"Whereupon it is adjudged that the plaintiff recover of the defendant The Society for Savings, the said deposit, viz.: two hundred and twelve dollars and three cents ($212.03) and accrued interest from December 1, 1906, and that the plaintiff recover of the defendant Adelbert T. S. Clark, executor of the will of Sarah A. Clark, his costs, taxed at      dollars and      cents.

"GAGER, *Judge.*"

On the 22d of June, 1908, at a term of said Superior Court subsequent to that at which said judgment was rendered, and held by *Judge Gager*, the plaintiff filed a written motion asking for a correction of the original judgment-file, upon the ground that by a clerical error the amount of said deposit was stated to be but $212.03 on the 1st of December, 1906, when in fact it was $212.03 with interest from May 27th, 1900. This motion was not entered upon the docket as an independent proceeding, nor was any notice of it given to any of the defendants, except that the attorney for the defendant Clark was present at the short calendar session when the motion was reached for hearing, and informed the court that the defendant Clark was a non-resident and had not been notified of the motion, and asked for a postponement to enable him to communicate with

Clark and to prepare a defense if Clark so desired, and to file pleadings to the motion. The court refused said request because that day was the last short calendar day of that session of the court, and thereupon said attorney, assuming to speak in behalf of defendant Clark, and apparently upon the facts of record having sufficient authority to do so, was fully heard upon the question of the jurisdiction of the court to grant the motion, and the question whether the judgment, in the form it was originally recorded, correctly expressed the decision rendered.

On the 4th of September, 1908, the court, *Gager, J.*, granted the motion to correct the record of judgment, and on said date a corrected judgment-file stating upon its face that it was "as of 30th of March, 1907" was signed by *Judge Gager*. This corrected file differed from that of March 30th, 1907, only in the last paragraph, which was made to read as follows: "Whereupon it is adjudged that the title and ownership in and to deposit book No. 41,250 in the Society of Savings of Hartford and the amount represented thereon on May 27, 1900, to wit, $212.03 and accrued interest thereon is in the plaintiff administrator, and that the plaintiff recover of the defendant, The Society for Savings, the said deposit, to wit, two hundred and twelve dollars and three cents ($212.03) and accrued interest from May 27, 1900. . . ."

The defendant Clark complains that the court had no power to make such correction, and that it was irregularly made.

The Superior Court possessed the power to make such correction at the time it was made. Over their recorded judgments courts possess the power "to correct and amend the record so that it shall truly show what the judicial action in fact was"; and "mistakes merely clerical, by which the judgment as recorded fails to agree with the judgment in fact rendered, may be corrected at a term subsequent to that in which the judgment was rendered, upon proper

notice to all concerned." *Goldreyer* v. *Cronan*, 76 Conn. 113, 115, 55 Atl. 594.

The principal question in the case before us, therefore, like that in *Goldreyer* v. *Cronan*, is whether the mistake sought to be corrected was a judicial error, in failing to include in the judgment actually rendered the interest on $212.03 from May 27th, 1900, to December 1st, 1906, which the court had no power to correct at a subsequent term, or was a clerical mistake, in failing to make the language of the judgment-file conform to the decision actually rendered and announced by the memorandum, which the court might correct even at a later term.

In *Goldreyer* v. *Cronan* it was held that the trial court improperly granted the plaintiff's motion to correct a judgment of $300 rendered at a previous term, by adding to it interest to the amount of $100.50. The ground of that decision was that the amendment did not correct a variance between the recorded judgment and the judgment actually rendered, by adding to the former something included in the latter, but that it added to the judgment a sum not included in the judgment actually rendered.

The facts in the present case are materially different. None of the parties to this suit appear to have had any controversy with the Savings Society. No money judgment against it is asked for by the complaint. The Savings Society does not appear to have answered or even appeared in the case. The contest was wholly between the plaintiff administrator and the defendant executor, and the decisive question between them was, did the plaintiff or did Sarah A. Clark own the bank book No. 41,250, and the deposit which it represented, at the time of the death of Gilbert M. Clark, on the 27th of May, 1900. It was undisputed that the amount of the deposit at that date was $212.03, and that the owner of that deposit was entitled to all of the subsequently accrued interest.

In his memorandum of decision the trial judge decided

the issue of the ownership of the bank-book,.and the entire
amount represented thereon, in favor of the plaintiff.   He
said in his memorandum that judgment was rendered
that the title and ownership in and to the deposit-book
No. 41,250, and the amount represented thereon on Decem-
ber 1st, 1906, and accrued interest since that date, was in the
plaintiff administrator, although he added a misstatement
of the amount due on that date.   The statement in the
memorandum of decision, that judgment was rendered
"that the plaintiff recover the same from the defendant",
was in effect a direction that the Society for Savings
pay to the plaintiff the deposit so adjudicated to belong
to him.   The real mistake in the memorandum, which
furnishes such ground as there is for questioning its mean-
ing, is the misstatement of the date of the death of Gilbert
M. Clark as December 1st, 1906 (Mrs. Gilbert, the finding
shows, died in 1906), instead of May 26th, 1900, and of
course the consequent misstatement of the amount repre-
sented on the deposit-book on December 1st, 1906, as
$212.03.   By substituting in the memorandum of deci-
sion either "May 27, 1900," for "December 1, 1906," or
omitting as surplusage the word and figures "viz. $212.03",
it will conform in effect to the judgment-file as corrected.
If the language of the memorandum adjudging the title
and ownership of the bank-book and deposit in the plaintiff
had been included in the judgment-file of March 30th, 1907,
it would perhaps have sufficiently expressed the .adjudi-
cation of title to the book and entire deposit in the plaintiff,
notwithstanding the repetition in it of the mistake in
the date of the death of Gilbert M. Clark, or in the amount
represented by the bank-book.   But in recording, in the
judgment-file of March 30th, 1907, the decision rendered by
the memorandum of the same date, not only was the errone-
ous date, or amount, repeated, but the adjudication of title
and ownership of the bank-book and the amount it repre-
sented, was omitted, evidently because it was thought

that the date of December 1st, 1906, and the amount $212.03 being correct, the adjudication of title in the plaintiff to the entire deposit was sufficiently expressed by substituting for the omitted words of the memorandum the statement that the issues were found for the plaintiff. It is unnecessary for us to decide whether or not the original judgment-file, although it did not follow the language of the decision actually rendered in the memorandum, contained, without correction, a sufficient statement of an adjudication of title in the plaintiff to the bank-book and the entire deposit. However that may be, it was not improper to make the correction to enable the plaintiff to obtain the deposit from the Society for Savings.

The mere signing of the judgment-file of March 30th by the judge is not to be regarded as the rendering of a later and different judgment from that described in the memorandum of the same date. *Smith* v. *Moore,* 38 Conn. 105, 111. The finding by the judge who signed both the memorandum and the judgment-file shows that he signed the latter merely as a record of the former. The finding states that the judgment-file should be corrected "to carry out the manifest intent of the memorandum of decision", and because the judgment-file of March 30th "did not cover and make effective the decision as shown by the memorandum of decision."

Before ordering, after the expiration of the term at which the original judgment was rendered, such a correction of the record as that made in this case, proper notice of the application for correction should be given to the interested parties. In the present case the Society for Savings makes no complaint of want of notice. The attorney for the defendant Clark appeared and was fully heard upon the application to correct the record.

There was no undue delay in making the application for the correction of the record. The appeal to this court was not decided until March, 1908, and the mistake in the

judgment-file was first discovered when demand was thereafter made upon the officer of the Society for Savings.

There is no error.

In this opinion the other judges concurred.