THOMAS DOROTZAK ET AL. v. G. ALBERT HILL, HIGHWAY COMMISSIONER

SUPERIOR COURT      TOLLAND COUNTY      FILE No. 5728

Memorandum filed December 29, 1950.

*Raymond A. Johnson* and *Buckley, Creedon, Danaher* and *Gallivan,* of Hartford, for the Plaintiffs.

*William L. Hadden,* Attorney General and *Jack Rubin,* Assistant Attorney General, of Hartford, for the Defendant.

MURPHY, J. The plaintiffs in case No. 5330, returned to the Superior Court in Tolland County, March Term, 1948, appealed from the appraisal of damages by the defendant in condemning the right of access to land owned by the plaintiff which abuts the Wilbur Cross Parkway in the town of Willington. The referee increased the award from $25,000 to $27,500. Before the report was accepted, the plaintiff was permitted to amend his reasons of remonstrance to the report and by stipulation it was recommitted to the referee for an alternative finding. No change in the amount of damages resulted from this additional consideration of the matter. Judgment for $27,500 damages and taxable costs was entered June 15, 1950.

No mention of interest was made in the judgment. However, the defendant tendered payment of the amount of the judgment plus interest of $2406.25, computed from December 23, 1947, the date of the taking, to June 7, 1949, the date of the referee's report which was filed in the clerk's office the following day, June 8. The vouchers were returned because they did not include interest to the day of judgment.

Plaintiff instituted this action on October 5, 1950, for a bill of review in equity to correct the judgment and include interest therein.

As the term of court at which the original judgment was entered had expired, the present action is good procedure. "The opening of a judgment at a later term is in reality an independent action and the preferable procedure is by petition for a new trial, or a bill of review in equity or an application having the same practical effect." *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 53; *Tyler* v. *Aspinwall,* 73 Conn. 493, 498.

That the amount of the award should carry interest from the date of the condemnation to the date of judgment is well settled. *Clark* v. *Cox,* 134 Conn. 226, 229.

However, in order to permit the inclusion of interest the judgment would have to be opened. As the judgment stands, it seems apparent that a judicial error was committed in not providing for the payment of interest.

As previously stated, the term in which the judgment was entered has expired. Save under exceptional circumstances, the court has no control of it for the rectification of judicial error after the term has expired though it may correct clerical errors. *In re Application of Title & Guaranty Co.*, supra...

Under our practice, it is the policy for the clerk to draw up the judgment and submit it to the judge for signature. Practice Book § 201.

In drawing it, the clerk was not instructed to and did not include interest. It was signed by the judge in that form. What was originally a clerical oversight then became a judicial error.

This seems to me to be a case that fits into the exceptions to the general rule. "The rule which denies a rehearing to a nondiligent litigant is not applied in cases where the state is interested for reasons of public policy." *In re Application of Title & Guaranty Co.*, supra, 55; *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 356.

This case is readily distinguishable from *Goldreyer* v. *Cronan*, 76 Conn. 113, in which it was held that the judgment could not be reopened at a subsequent term to include interest. In that case, the application was by motion and the state was not a party. Here the attempt to correct the omission is by a bill in review and the state is a party.

The judgment in case No. 5330 is opened and the final paragraph thereof is corrected to read:—

"Whereupon it is adjudged that the report of said Referee filed June 8, 1949 as amplified and confirmed in his 'Report on Recommittal of Report' filed May 17, 1950 be accepted, and that the appellants be allowed the sum of $27,500 damages for the rights taken in said condemnation proceedings, together with interest thereon from December 23, 1947 to date (June 15, 1950) and their costs taxed at $......."

Interest on the judgment itself is covered by General Statutes, § 8092.